PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* EPIFANIO RIVERA SOTO, Defendant and Appellant.

No. 7273. Argued February 17, 1939.—Decided February 21, 1939.

Appellant appeared by brief. *R. A. Gómez Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

The District Attorney of the District Court of Guayama filed an information against Epifanio Rivera Soto for a violation of the act to regulate the sale of firearms, etc. In describing the firearm in the information, the District Attorney unnecessarily alleged (*People* v. *Avilés Quiñones,* decided the 10th inst.) that it was a revolver and that the barrel was less than fifteen inches long. At the arraignment, defendant did not object to the information and pleaded not guilty. The trial was had and on the evidence the Court found him guilty and sentenced him to six months in jail. Defendant appealed to this Court and prays that the judgment be reversed based on the following error which he alleges the lower court committed:

"The Court erred in convicting the accused, based on an information which is insufficient and does not allege a commission of any crime."

The first section of the law which was allegedly infringed (Laws of 1936, Third Special Session, (2) 1928) in defining the revolver contemplated by said act, defines it as one whose barrel shall not exceed twelve inches in length. In alleging

that the length of the barrel is less than fifteen inches, the information is ambiguous, since it can be more than twelve inches but less than fifteen inches long, in which case the complaint would not allege the commission of any offense. It could also be less than twelve inches long, in which case it would necessarily be less than fifteen inches long, and then the complaint would allege an offense and would be sufficient.

Therefore, in the manner in which the information is drawn up, a demurrer for not alleging an offense would not lie. What the accused should have done was to request the Court at the arraignment to order the District Attorney to make the information more specific. He did not do so and chose to go to trial without raising any objection thereby waiving his right to have the information made clear and free from ambiguity. As is said in the syllabus of the case of People v. Descartes, 51 P.R.R.——:

"Mere doubts in the allegations of a complaint cannot be objected to on appeal when no objection has been taken to the complaint in the lower court."

Therefore, the appeal should be denied and the judgment appealed from affirmed.